IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 21, 2003

## STATE OF TENNESSEE v. JEFFREY DOUGLAS STRATTON

**Direct Appeal from the Circuit Court for Blount County**
**No. C-13828, 13829     D. Kelly Thomas, Jr., Judge**

---

**No. E2002-02485-CCA-R3-CD**
**July 22, 2003**

---

Defendant, Jeffrey Douglas Stratton, was indicted on two counts of burglary. Defendant entered guilty pleas to both counts. Defendant was sentenced to two years for each conviction, to be served concurrently with each other and consecutively to his sentence for a prior conviction. Defendant contends that the trial court erred by ordering a sentence of incarceration. After reviewing the record, we conclude that a sentence of confinement was supported by the record. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOE G. RILEY and JAMES CURWOOD WITT, JR., JJ., joined.

Julie A. Rice, Knoxville, Tennessee (on appeal) and Raymond Mack Garner, District Public Defender; and Stacy Nordquist, Assistant Public Defender, Maryville, Tennessee (at trial) for the appellant, Jeffrey Douglas Stratton.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Edward P. Bailey, Jr., Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

At the September 23, 2002, sentencing hearing, Defendant testified that on the date of the offense, he got off work at approximately 12:00 noon and went to the Party Pub, where he played cards and drank alcohol. He left the Party Pub at 12:00 midnight. He walked around the corner and entered Bill's Hair to use the restroom. Defendant "got on the computer, just messing around. Had all the lights on and everything." Defendant did not remember whether he took anything from Bill's Hair. He testified that "a lot of my recollection of what happened is what I've been told [by police officers]." He left Bill's Hair and went inside Just So Decorating through the back door, which was open. Defendant "just walked in there and got on the computer. Just – I mean, just basically, you

know, drinking still." When police officers arrested Defendant, he was standing against the back of the building. Defendant did not attempt to run. Defendant was advised of his *Miranda* rights, and he refused to answer any questions and requested the presence of a lawyer.

Defendant entered guilty pleas to both offenses as a Range I standard offender. At the conclusion of the sentencing hearing, the trial court imposed a two-year sentence for each conviction and ordered the sentences to be served concurrently with each other, but consecutively to his sentence for a prior conviction. The trial court emphasized Defendant's extensive criminal history, finding that the presumption favoring alternative sentencing was "overcome by the fact that these offenses were committed while you were on bond for several other felony offenses." The trial court further found that Defendant's potential for rehabilitation was poor, stating that "[Defendant has] not been able to get a hold on [his alcohol] problem, in spite of being involved in some treatment [programs], and continue[s] to commit crimes." The trial court therefore ordered Defendant's sentence to be served in the Tennessee Department of Correction.

Defendant complains that the trial court erred by refusing to order alternative sentencing. Our review of a defendant's sentence is *de novo* with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d) (1997); *State v. Imfeld*, 70 S.W.3d 698, 704 (Tenn. 2002). For this presumption to apply to the trial court's determinations, however, there must be an affirmative showing in the record that the trial court considered sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999).

If the trial court has imposed a lawful sentence by following the statutory sentencing procedure, has given due consideration to the factors and sentencing principles, and has made findings of fact adequately supported by the record, this Court may not modify the sentence even if it would have preferred a different result. *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). However, if the trial court fails to comply with the statutory directives, our review of the sentence is *de novo* without a presumption of correctness. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000).

When determining a defendant's suitability for alternative sentencing, the sentencing court may consider the following factors: (1) whether confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; (2) whether confinement is necessary to avoid depreciating the seriousness of the offense; (3) whether confinement is particularly suited to provide an effective deterrent to others likely to commit similar offenses; (4) whether measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant; and (5) whether the defendant has poor potential for rehabilitation. *See* Tenn. Code Ann. § 40-35-103(1) (1997); *State v. Housewright*, 982 S.W.2d 354, 356–57 (Tenn. Crim. App. 1997).

Although a Range I standard offender convicted of a Class D felony is normally presumed to be a favorable candidate for alternative sentencing, the trial court correctly concluded that the presumption was overcome by Defendant's lengthy criminal history and his poor potential for

rehabilitation. This determination is supported by the record. At the time of sentencing, Defendant was thirty-five years old. Defendant testified at the sentencing hearing that he began drinking alcohol at the age of fifteen. That is also the age at which Defendant's extensive record of criminal offenses began. The presentence report reveals that Defendant has forty-three prior arrests and convictions, including seven felony convictions for forgery in 2001, four prior convictions for driving under the influence of an intoxicant, and numerous prior misdemeanor convictions, many of which are alcohol related. Defendant's previous attempts at rehabilitation have failed. Furthermore, Defendant committed the felony offense in this case while he was free on appeal bond for his prior felony convictions. The trial court properly sentenced Defendant.

Defendant also argues that mitigating factor (11), that he committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated the criminal conduct, weighs against incarceration. *See* Tenn. Code Ann. § 40-35-113(11) (1997). Defendant argues that his "exaggerated state of intoxication combined with a need to urinate" qualifies as an "unusual circumstance." We disagree. Defendant is not entitled to relief on this issue.

## CONCLUSION

After a careful review of the record before us, we conclude that Defendant received an appropriate sentence. The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE